SHEPARD, Chief Justice,
dissenting.
As counsel was professional enough to acknowledge at oral argument, the primary beneficiaries of today's decision will be repeat offenders, people whose multiple arrests and prosecutions do not deter them from engaging in behavior that endangers their fellow citizens. Indeed, appellant David Hopper is here precisely because he has been charged with yet another offense and it would be helpful to him if he could wipe out his last conviction for drunk driving.
The U.S. Supreme Court has told us that the warnings mandated today are not required by the federal Constitution, and the majority explicitly declines to say that they are required by the Indiana Constitution.
Rather, the majority says the Court is acting in its supervisory capacity, a legitimate grounds of authority. But it acts without a word about the balancing of social costs or benefits imbedded in the new mandate.
How many innocent people are now pleading guilty without a lawyer because the judge did not tell them they could consult a lawyer? How many guilty people will decide not to plead guilty as the result of the "minimal" judicial intervention the majority says it contemplates? If indeed the advisement is likely to be minimal, does it tell offenders anything they didn't learn from television? How many repeat offenders will avoid the penalties they have otherwise earned because the warning was omitted or was found inadequate with the benefit of hindsight? How many victims will these repeat offenders create?
That society, or even offenders, will be better off is far from clear.
DICKSON, J., joins.